In re: John G. PATTULLO;  In re: Susan F. Pattullo, Debtors.

United States Internal Revenue Service, Plaintiff–Appellant,

v.

John G. Pattullo;  Susan F. Pattullo, Defendants–Appellees.

No. 99–17615.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 11, 2001

Filed Nov. 21, 2001

Robert J. Branman, Department of Justice, Washington, D.C., for the appellant.

D. Lamar Hawkins, Hebert Schenk, P.C., Phoenix, Arizona, for the appellees.

Before: SCHROEDER, Chief Judge, LAY * and THOMPSON, Circuit Judges.

## ORDER

The United States Internal Revenue Service moves this court to vacate its memorandum disposition and the underlying decisions of the district court and bankruptcy court, and to dismiss this appeal as moot. We grant the motion.[1]

---

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

1. The IRS's request for leave to file its reply in support of its motion more than seven days after service of the Pattullos' response notwithstanding Fed. R.App. Pro. 27(a)(4) is GRANTED.

## I.

The issue on appeal in this case was whether the Pattullos were eligible for Chapter 13 bankruptcy relief. Their eligibility turned on whether the IRS was precluded from claiming that the Pattullos' unsecured debts exceeded the $250,000 statutory cap for Chapter 13 proceedings. The IRS had stipulated to the amount of the Pattullos' unsecured debts as part of a prior settlement between the Pattullos and the IRS. If that stipulation had a preclusive effect in this case, then the Pattullos were eligible for Chapter 13 relief under 11 U.S.C. § 109(e) (1997);[2] if it did not have such an effect, the Pattullos would not have been eligible for Chapter 13 relief and their Chapter 13 proceeding should have been dismissed. The IRS filed a motion to dismiss the Chapter 13 proceeding, and the Pattullos moved for summary judgment. The bankruptcy court granted the Pattullos' motion, concluding that the prior stipulation had preclusive effect. The district court affirmed and the IRS appealed those orders to this court.

On June 27, 2001, while the case was under submission, the bankruptcy court dismissed the Chapter 13 proceeding because the Pattullos had failed to comply with requirements of their Chapter 13 plan. We were not informed of this event prior to the issuance of our memorandum disposition on July 11, 2001. Two weeks later, the IRS filed the present motion to vacate our memorandum disposition and the decisions of the district court and

bankruptcy court, and to dismiss this appeal as moot.

The Pattullos oppose the IRS's motion. They have filed a new Chapter 13 proceeding and they assert that the amount of their unsecured debt is likely to be litigated in that new proceeding. This, they allege, means that a live controversy still exists in this case. Further, the IRS concedes that it may oppose the Pattullos' new proceeding on the same grounds at issue in this appeal.

The Pattullos also rely upon the terms of the bankruptcy court's order of dismissal, which explicitly provides for the possibility of reinstatement of the original Chapter 13 proceeding.[3] They assert that they may file a motion to reinstate the proceeding and that this possibility also prevents this appeal from being moot.

## II.

■ The first issue we consider is whether the dismissal of the Pattullos' Chapter 13 proceeding has rendered this appeal moot. "This court lacks jurisdiction to hear moot cases." *Koppers Indus., Inc. v. United States EPA,* 902 F.2d 756, 758 (9th Cir.1990). If a case becomes moot while pending on appeal, it must be dismissed. *See United States v. Arkison (In re Cascade Rds.),* 34 F.3d 756, 759 (9th Cir.1994); *see also DeFunis v. Odegaard,* 416 U.S. 312, 316–20, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974) (per curiam). Even after an appellate court has issued its decision, if it has not yet issued its mandate

---

**2.** 11 U.S.C. § 109(e) (1997) provided: "Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $250,000 ... may be a debtor under chapter 13 of this title." Section 109(e) was subsequently amended in 1998 and 2001 to increase this amount, first to $269,250, then to $290,525. *See* 11 U.S.C. § 109(e) (2001).

**3.** The order dismissing the Pattullo's Chapter 13 proceeding provides: "A motion to reinstate the case may be granted without a hearing if the Trustee approves the proposed reinstatement order. If the Trustee does not approve reinstatement of the case, the matter may be set for hearing upon the Debtor's motion."

and the case becomes moot, the court will vacate its decision and dismiss the appeal as moot. *See United States v. Miller,* 685 F.2d 123, 124 (Former 5th Cir.1982).

In the present case, while we issued our memorandum disposition prior to the IRS bringing to our attention the dismissal of the Pattullos' Chapter 13 proceeding, we have yet to issue our mandate. Accordingly, if the case is moot, we should vacate the memorandum disposition and dismiss the appeal.

■■■ Our mootness inquiry focuses upon whether we can still grant relief between the parties. "If an event occurs while a case is pending on appeal that makes it impossible for the court to grant any ᵉeffectual relief whatever to a prevailing party, the appeal is moot and must be dismissed.... However, while a court may not be able to return the parties to the status quo ante ..., an appeal is not moot if the court can fashion *some* form of meaningful relief...." *Arkison,* 34 F.3d at 759 (brackets omitted; ellipses and emphasis in original) (quoting *Church of Scientology v. United States,* 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992)); *see Mills v. Green,* 159 U.S. 651, 653, 16 S.Ct. 132, 40 L.Ed. 293 (1895) ("The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions....").

■■■ "In the bankruptcy context the determination of whether a case becomes moot on the dismissal of the bankruptcy hinges on the question of how closely the issue in the case is connected to the underlying bankruptcy. [Citations omitted]. When the issue being litigated directly involves the debtor's reorganization, the case is mooted by the dismissal of the bankruptcy." *Spacek v. Thomen (In re Universal Farming Indus.),* 873 F.2d 1334,

1335 (9th Cir.1989). "[I]f the issue is ancillary to the bankruptcy, the dismissal of the petition does not necessarily cause the case to become moot." *Id.; see also Dahlquist v. First Nat'l Bank (In re Dahlquist),* 751 F.2d 295, 298 (8th Cir.1985) (accord).

■■■ This appeal is entirely dependant on the existence of the original Chapter 13 bankruptcy proceeding. The only relief the bankruptcy court, the district court, and this court could grant was to confirm or reject the validity of the Pattullos' original Chapter 13 proceeding. With that proceeding dismissed, we can grant no effective relief.

The Pattullos argue we can still grant effective relief because the Pattullos have filed a new Chapter 13 proceeding. If we issue a decision, they argue, that decision will preclude relitigation of whether the IRS is bound by its prior stipulation as to the amount of the Pattullos' unsecured debts. We are not persuaded by this argument.

As Judge Posner reasoned in *Commodity Futures Trading Com. v. Board of Trade,* 701 F.2d 653, 656 (7th Cir.1983):

> [S]ince a dismissal for mootness is a dismissal for lack of jurisdiction, and a court that has no jurisdiction cannot enter a judgment with preclusive effect[,] ... it is circular to argue that a judgment is not moot because it may have preclusive effect, when it can have preclusive effect only if it is not moot. That determination must rest on more than the truism that a final judgment can collaterally estop parties (and sometimes nonparties) in future litigation.

Similarly, here we may not issue a decision simply to preclude similar arguments being raised by the IRS in the new Chapter 13 proceeding. To have jurisdiction, we must be able to grant effective relief with-

in the boundaries of the present case, and we lack that ability.

The Pattullos also contend that this case is not moot because the bankruptcy court explicitly left open the possibility that the now-dismissed Chapter 13 proceeding might be reinstated. The bankruptcy court's order dismissing the Chapter 13 proceeding, however, is a final order that renders this appeal moot notwithstanding the possibility of reinstatement. Federal Rules of Bankruptcy Procedure 9024 states that the time limits in bankruptcy proceedings are governed by Federal Rule of Civil Procedure 60. Rule 60 explicitly provides that a motion for relief from a judgment or order—such as a motion for reinstatement—does not "affect the finality of the judgement *or suspend its operation*." FRCP 60(b) (emphasis added).[4] Because the Chapter 13 proceeding has been dismissed, any ruling as to its validity would be moot. We lack jurisdiction over this case and must accordingly vacate our memorandum disposition and dismiss this appeal.

### III.

We turn now to the question whether the decisions below should be vacated.

■■■ "Vacatur is in order when mootness occurs through happenstance . . . [or] the unilateral action of the party who prevailed in the lower court." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 71–72, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997) (citation and internal quotation marks omitted). Vacatur is not necessarily appropriate where mootness arises as a result of the voluntary actions of the party who lost below. *See U.S. Bancorp Mort-*

*gage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 24–29, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994).

■■■ Here, the IRS bears no responsibility for this case becoming moot. The bankruptcy court's order dismissing the Chapter 13 proceeding indicates that the dismissal resulted from the failure of the Pattullos to comply with certain provisions in their Chapter 13 plan. The Pattullos do not allege that the IRS is responsible for the dismissal and no facts before this court indicate that the IRS bears any such responsibility. In these circumstances, vacatur of the decisions below is mandated. *See Arizonans for Official English*, 520 U.S. at 71–72, 117 S.Ct. 1055.

### IV.

The motion of the IRS is GRANTED. Our memorandum disposition, No. 99–17615 (9th Cir. July 11, 2001), as well as the district court's Order, No. CV 98–1775–PHX–SMM (D.Ariz. Sep. 30, 1999), and the bankruptcy court's Order re Motions for Summary Judgment, Case No. 97–09113–PHX–CGC (Bankr.D.Ariz. Sept. 24, 1998), are VACATED, and this appeal is DISMISSED.

---

**4.** Only if the dismissal of the proceeding was on appeal would it be within this court's power to avoid issuing an advisory opinion by first ruling on the propriety of the dismissal, then ruling on the merits. Here, more than ten days have passed since the bankruptcy court issued its dismissal order and no notice of appeal has been filed. *See* Fed. R. Bankr. Proc. 8002(a) (ten day period for all appeals from final orders).