MEMORANDUM **
Raymond S. Kaplan appeals the decision of the Ninth Circuit Bankruptcy Appellate Panel (“BAP”) affirming the dismissal of his involuntary petition against alleged debtor WLB-RSK Venture (“Venture”).
The facts are well known to the parties, and we do not recite them here.
We begin by addressing Appellees’ argument that this appeal is moot because Venture’s principal asset has been sold in foreclosure sale. A “mootness inquiry focuses upon whether we can still grant relief between the parties.” In re Pattullo, 271 F.3d 898, 901 (9th Cir.2001) (order). “If an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal is moot and must be dismissed.... However, while a court may not be able to return the parties to the status quo ante ..., an appeal is not moot if the court can fashion some form of meaningful relief .... ” Id. (quoting United States v. Arkison (In re Cascade Rds.), 34 F.3d 756, 759 (9th Cir. 1994) (ellipses in original)). “Collateral consequences of a judgment may forestall the mootness of a case.” Allard v. DeLo *557 rean, 884 F.2d 464, 466 n. 1 (9th Cir.1989) (citing Wright, Miller & Cooper, 13A Federal Practice and Procedure, § 3533.2).
This appeal is not moot. Regardless of Venture’s loss of its principal asset in a state foreclosure sale, this court is not deprived of the ability “to grant any effectual relief whatever to a prevailing party.” Pattullo, 271 F.3d at 901. This is not an appeal of an order confirming a foreclosure sale, where the debtor’s failure to obtain a stay of the order deprives this court of jurisdiction. Cf. Algeran, Inc. v. Advance Ross Corp., 759 F.2d 1421 (9th Cir.1985). Depending on what we decide, our decision may bear directly on Appellees’ appeal, stayed in the district court below, of the bankruptcy court’s denial of sanctions for a bad faith filing. Cf. 11 U.S.C. § 303(i)(2) (providing separately for damages in bad faith cases).
We review a BAP decision de novo. In re Mitchell, 209 F.3d 1111, 1115 (9th Cir. 2000), abrogation on other grounds recognized by Hibbs v. Dep’t of Human Res., 273 F.3d 844 (9th Cir.2001). “In other words, we independently review the bankruptcy court’s rulings on appeal from the BAP.” Id. We review the bankruptcy court’s conclusions of law de novo and findings and conclusions of fact for clear error. In re Vortex Fishing Sys., Inc., 277 F.3d 1057, 1064 (9th Cir.2002). We review whether there is a “bona fide dispute” over a debt under 11 U.S.C. § 303 for clear error. Id. We review the bankruptcy court’s evidentiary rulings for abuse of discretion. In re Kim, 130 F.3d 863, 865 (9th Cir.1997). We review for abuse of discretion the bankruptcy court’s decision whether to appoint an interim Chapter 11 trustee. In re Lowenschuss, 171 F.3d 673, 685 (9th Cir.1999).
Under 11 U.S.C. § 303(h)(1), in an involuntary case, the bankruptcy court shall order relief against the debtor only if “the debtor is generally not paying such debt- or’s debts as such debts become due unless such debts are the subject of a bona fide dispute.” The Ninth Circuit employs a “totality of the circumstances” test to determine whether this requirement is met. Vortex Fishing, 277 F.3d at 1072.
Having independently reviewed the bankruptcy court’s decision, we affirm the dismissal of the involuntary petition on the ground that there were no debts not subject to a bona fide dispute. As the BAP held and the bankruptcy court found, each of Venture’s four allegedly undisputed debts was, in fact, disputed. Agreeing with the BAP’s analysis in its entirety, we do not reiterate it here.
Because the bankruptcy court correctly determined that the involuntary petition could be dismissed for lack of undisputed debts under 11 U.S.C. § 303(h)(1), Kaplan’s motion for the appointment of a Chapter 11 interim trustee became moot, and the bankruptcy court did not abuse its discretion in denying it.
Because we affirm on the ground that Venture had no undisputed debts, we need not reach the question whether Kaplan filed the involuntary petition in bad faith. We express no opinion on the merits of that portion of the bankruptcy court’s decision.
We grant the three requests for judicial notice.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.