NOT FOR PUBLICATION

### UNITED STATES BANKRUPTCY APPELLATE PANEL

### OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No.  WW-11-1479-HKiJu |
| JESSE BUTCH TORRES, | Bk. No.  11-12943 |
| Debtor. | |
| JESSE BUTCH TORRES, | |
| Appellant, | |
| v. | **M E M O R A N D U M**[1] |
| K. MICHAEL FITZGERALD, Chapter 13 Trustee; WHIDBEY ISLAND REAL ESTATE, LLC, | |
| Appellees. | |

Argued and Submitted on March 23, 2012
at Seattle, Washington

Filed - June 1, 2012

Appeal from the United States Bankruptcy Court
for the Western District of Washington

Honorabble Karen A. Overstreet, Bankruptcy Judge, Presiding

Appearances:     Mary Elizabeth Schmitt, Esq. argued for appellant Jesse Butch Torres; Jason Wilson-Aguilar, Esq. argued for appellee K. Michael Fitzgerald, Chapter 13 Trustee; Christon C. Skinner, Esq. of the Law Office of Skinner & Saar, PS argued for appellee Whidbey Island Real Estate, LLC.

Before: HOLLOWELL, KIRSCHER, and JURY, Bankruptcy Judges.

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

Jesse Butch Torres (the Debtor) appeals the dismissal of his chapter 13[2] bankruptcy case.  We DISMISS the appeal as moot.

## I.  FACTS

On March 17, 2011, the day before a scheduled foreclosure of the Debtor's real property, a commercial building in Oak Harbor, Washington (the Property), a chapter 13 bankruptcy petition (Petition) was filed in the name of the Debtor.  The Petition was electronically filed by the Debtor's counsel, Mary Schmitt (Schmitt), and included the electronic signature of the Debtor. A certificate that indicated the Debtor personally completed required credit counseling on March 11, 2011, was filed with the Petition, along with a list of creditors.  However, no accompanying bankruptcy schedules, statements, or chapter 13 plan were filed on March 17, 2011.

The deadline for submitting the schedules, statements and chapter 13 plan was March 31, 2011.  On March 25, 2011, the Debtor filed an ex-parte motion to extend the deadline.  The bankruptcy court granted the motion, extending the deadline to April 22, 2011.  On April 22, 2011, the Debtor filed a second ex-parte motion to extend the deadline to file the schedules, statements and chapter 13 plan.  The second extension motion was granted and the deadline was extended to May 6, 2011.

On May 5, 2011, the Debtor filed a "Durable General Power of

---

[2] Unless otherwise indicated, all chapter, section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.  The local bankruptcy rules for the Western District of Washington are referred to as "Local Rules."

Attorney of Jesse Butch Torres" (POA). The POA was executed two years earlier on May 22, 2009. By its terms, it appointed Christopher Torres (Torres) as the Debtor's lawful attorney-in-fact authorized "to do and perform all acts in the Principal's place and stead as fully as the Principal might do and perform such acts as Principal," and listed several non-exclusive powers that Torres was authorized to undertake on behalf of the Debtor. Filing a bankruptcy petition was not listed as a specific power that Torres was authorized to perform.

Also on May 5, 2011, the Debtor filed his schedules, statements and chapter 13 plan, along with an amended petition (Amended Petition). The "Declaration Concerning Debtor's Schedules" was signed with the Debtor's electronic signature dated May 4, 2011. The Amended Petition contained Schmitt's handwritten signature dated March 15, 2011, and a handwritten signature, "Jesse Butch Torres by Christopher Scott Torres," underneath which was typed, "Christopher Scott Torres as his attorney-in-fact and not in my individual capacity." It was dated March 12, 2011.

According to the Debtor's bankruptcy schedules, the Property was worth $488,261.00 and had various secured claims against it in the amount of $429,297.72. The Debtor's chapter 13 plan proposed to market and sell the Property within nine months to pay the liens against it.

The § 341 meeting of creditors was scheduled for May 19, 2011. Schmitt attended the meeting with Torres. However, K. Michael Fitzgerald, the chapter 13 trustee (the Trustee) declined to take Torres' testimony because the Debtor had not

-3-

requested an alternate appearance as required by the Local Rules.[3]

On May 20, 2011, the Debtor filed a motion to allow Torres to act for the Debtor under the POA (POA Motion). The POA Motion explained that: "Debtor is incarcerated and was unable to sign the petition, schedules and Chapter 13 Plan and is unable to attend the meeting of creditors. Debtor has turned over the administration to his son, Chris Torres by the way of a Durable Power of Attorney." No declaration was filed in support of the POA Motion.

The Trustee filed an objection to the POA Motion.[4] The Trustee was concerned that Schmitt filed the Petition when the Debtor had not actually signed it. The Trustee pointed out that the Amended Petition was also problematic because it was signed by Torres and dated March 12, while the accompanying schedules

---

[3] Local Rule 2003-1(b) provides that a debtor's personal appearance is required at the § 341 meeting. There is an exception to this requirement only if the bankruptcy court permits an alternative method for examination, after requested by motion filed 14 days prior to the scheduled meeting. Id. The motion must be supported by the debtor's affidavit "providing a detailed factual explanation of the exceptional circumstances preventing the debtor from appearing in person." Id. at (b)(1), (b)(3)(A).

[4] The Trustee also filed, the same day, an Objection to Confirmation of Plan, Motion to Dismiss (Plan Objection). The Plan Objection was identical to the objection to the POA Motion. Appellee, Whidbey Island Real Estate, LLC (WIRE) also filed an objection to plan confirmation, as well as a motion for relief from stay in order to foreclose on the Property. WIRE did not file an objection to the POA Motion. All matters were set for hearing on the same day.

-4-

and statements were signed by the Debtor and dated May 4. The Trustee questioned whether the Debtor had actually approved the bankruptcy filing. The Trustee also objected to Torres appearing as attorney-in-fact because Torres was a creditor[5] of the Debtor and because the Debtor had failed to obtain approval for Torres to appear for the Debtor at the § 341 meeting.

In reply to the Trustee's objection, Schmitt and her paralegal filed declarations in an attempt to explain the irregularities in the filing of the Petition. They both stated that the Petition was inadvertently filed electronically with the Debtor's signature. They stated they contacted the bankruptcy court clerk's office for instruction on how to correct the error and were told to file an amended petition, but that they did not need to file a motion to allow Torres to act as attorney-in-fact since the POA had been filed.

A hearing on the POA Motion was held June 22, 2011 (Dismissal Hearing).[6] At the Dismissal Hearing, Schmitt acknowledged that she had not communicated with the Debtor, but was called by his criminal attorney and directed to file the bankruptcy in order to try to avoid the pending foreclosure of the Property. Because the Petition was not signed by the Debtor, and because the bankruptcy court found that there was no evidence in the record that the Debtor authorized or directed Torres to

---

[5] On May 18, 2011, Torres filed a proof of secured claim in the amount of $93,139.48 for wages from acting as power of attorney.

[6] Also at the Dismissal Hearing, the bankruptcy court heard WIRE's motion for relief from stay.

file the bankruptcy case, the bankruptcy court concluded the Petition was invalid. The bankruptcy court subsequently entered an order dismissing the Debtor's chapter 13 case on June 23, 2011 (the Dismissal Order).

On July 7, 2011, the Debtor filed a motion for reconsideration (Reconsideration Motion). The Debtor argued that the Debtor qualified as a debtor under § 109(e), the POA authorized Torres to file the Debtor's bankruptcy case, the Debtor's chapter 13 plan was filed in good faith and, that it was a technical mistake that the Petition containing the Debtor's signature, rather than the Amended Petition containing Torres' signature as attorney-in-fact, was initially filed.

In support of the Reconsideration Motion, Schmitt filed two declarations. In the first, Schmitt stated that since the last week of May 2011, she had experienced difficulty in communicating with the Debtor, either by telephone or in person. The second declaration from Schmitt stated that Torres had signed a declaration when he signed the Amended Petition on March 12, 2011. Attached to her declaration were two declarations from Torres dated March 12, 2011, and June 22, 2011, each stating that Torres had signed a bankruptcy petition on behalf of the Debtor as his attorney-in-fact. The June 22 declaration provided the additional information that the Debtor wanted to file bankruptcy to stop the pending foreclosure of the Property and that Torres filed the petition with the Debtor's authorization. There was no explanation provided by Schmitt as to why the March 12, 2011 declaration was not submitted with the Amended Petition or POA.

-6-

In addition, the Debtor submitted his own declaration, dated July 6, 2011, ratifying the bankruptcy filing. The Debtor stated that he had directed Torres to file bankruptcy to stop the scheduled foreclosure of the Property.

The Trustee objected to the Reconsideration Motion,[7] asserting that Schmitt did not verify directly from the Debtor any information she received or conduct a reasonable inquiry as required by Rule 9011. The Trustee noted that there was no evidence at the time of the Dismissal Hearing that the Debtor knew of or authorized the bankruptcy filing, and that it was only after the Dismissal Hearing that Schmitt spoke with the Debtor in an attempt to ratify the filing.

The bankruptcy court considered the language in the POA and determined that Torres failed to meet the minimum standards for filing a case under a power of attorney in Washington state. Furthermore, the bankruptcy court found that there were no exceptional circumstances that warranted the subsequent ratification by the Debtor after the Dismissal Order had been entered. Therefore, the bankruptcy court denied the Reconsideration Motion by written decision entered on August 22, 2011 (Reconsideration Order). The Debtor timely appealed.[8]

---

[7] WIRE also objected to the Reconsideration Motion, but the bankruptcy court did not consider the objection because WIRE had not objected to the POA Motion. In its appellate brief, WIRE argues only that the appeal is moot.

[8] The Debtor filed the Reconsideration Motion within 14 days of the bankruptcy court's Dismissal Order. Therefore, it tolled the time for appeal until 14 days from the final order disposing

(continued...)

-7-

## II.  ISSUES

Whether the appeal is moot.

If it is not moot, whether the bankruptcy court abused its discretion in dismissing the Debtor's bankruptcy case and denying the Reconsideration Motion.

## III.  JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 157(b)(2)(A) and 1334.  We have jurisdiction over final orders under 28 U.S.C. § 158, but address our jurisdiction over this appeal more fully below.

## IV.  STANDARDS OF REVIEW

We have an independent obligation to determine our jurisdiction.  Felton Pilate v. Burrell (In re Burrell), 415 F.3d 994, 997 (9th Cir. 2005).  We lack jurisdiction to hear moot appeals.  I.R.S. v. Pattullo (In re Pattullo), 271 F.3d 898, 901 (9th Cir. 2001).  If an appeal becomes moot while it is pending before us, we must dismiss it.  Id.

We review an order dismissing a chapter 13 bankruptcy case for an abuse of discretion.  Sherman v. SEC (In re Sherman), 441 F.3d 794, 813 (9th Cir. 2006); Brown v. Sobczak (In re Sobczak), 369 B.R. 512, 516 (9th Cir. BAP 2007).  Additionally, the bankruptcy court's denial of a motion for reconsideration is reviewed for an abuse of discretion.  Arrow Electr., Inc. v.

---

[8](...continued)
of the Reconsideration Motion.  Dicker v. Dye (In re Edelman), 237 B.R. 146, 151 (9th Cir. BAP 1999).  Because the Debtor filed his notice of appeal within 14 days of Reconsideration Order, the Debtor's appeal was timely.  Rule 8002(b)(2).

-8-

Justus (In re Kaypro), 218 F.3d 1070, 1073 (9th Cir. 2000); Sewell v. MGF Funding, Inc. (In re Sewell), 345 B.R. 174, 178 (9th Cir. BAP 2006). A bankruptcy court abuses its discretion if it bases a decision on an incorrect legal rule, or if its application of the law was illogical, implausible, or without support in inferences that may be drawn from the facts in the record. United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc); Ellsworth v. Lifescape Med. Assocs., P.C. (In re Ellsworth), 455 B.R. 904, 914 (9th Cir. BAP 2011).

## V. DISCUSSION

**A. Jurisdiction**

The appellees assert that this appeal is moot because the Debtor did not seek a stay pending appeal and the Debtor's Property, that he had hoped to save from foreclosure, has now been foreclosed on and sold.

Constitutional mootness is derived from Article III of the U.S. Constitution, which provides that the exercise of judicial power depends on the existence of a case or controversy. DeFunis v. Odegaard, 416 U.S. 312, 316 (1974); Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC), 391 B.R. 25, 33 (9th Cir. BAP 2008). The mootness doctrine applies when events occur during the pendency of the appeal that make it impossible for the appellate court to grant effective relief. Id. The determining issue is "whether there exists a 'present controversy as to which effective relief can be granted.'" People of Village of Gambell v. Babbitt, 999 F.2d 403, 406 (9th Cir. 1993) (quoting NW Envtl. v. Gordon, 849 F.2d 1241, 1244 (9th Cir. 1988)). If no effective relief is possible, we must dismiss for lack of jurisdiction.

United States v. Arkison (In re Cascade Rds., Inc.), 34 F.3d 756, 759 (9th Cir. 1994).

Our review of the record leads us to conclude that we cannot provide effective relief to the Debtor in this case even if we were to reverse the Dismissal Order. The Debtor represented to the bankruptcy court at the Dismissal Hearing that the bankruptcy filing was an emergency filing to stop the foreclosure of the Property. Torres and the Debtor both stated in their declarations (submitted with the Reconsideration Motion) that the purpose for the bankruptcy filing was to delay the pending foreclosure on the Property. Moreover, the marketing and sale of the Property was the cornerstone of the Debtor's chapter 13 plan.

Because the Property has been foreclosed on and now sold, the Debtor no longer owns or has an interest in the Property. Consequently, a reversal of the Dismissal Order would not provide the Debtor the relief he sought. Therefore, the controversy is moot and we lack jurisdiction of the appeal. In re Burrell, 415 F.3d at 998.

**B.   Merits**

Because we have determined that the appeal is moot, we do not reach the merits of the appeal.

**VI.   CONCLUSION**

We DISMISS the appeal for lack of jurisdiction.