FILED

JUL 02 2015

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: | BAP No. AZ-15-1013-JuKiPa |
| IVAYLO TSVETANOV DODEV, | Bk. No. 2:14-bk-02116-MCW |
| Debtor. | |
| IVAYLO TSVETANOV DODEV, | |
| Appellant, | |
| v. | M E M O R A N D U M* |
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE-HOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2007-OA7, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-OA7 by and through its servicing agent Select Portfolio Servicing, Inc. | |
| Appellee. | |

Submitted Without Oral Argument on June 19, 2015
at Phoenix, Arizona

Filed - July 2, 2015

Appeal from the United States Bankruptcy Court
for the District of Arizona

Honorable Madeleine C. Wanslee, Bankruptcy Judge, Presiding

───────────────────────

Appearances:   Ivaylo T. Dodev on brief pro se; Renee M. Parker

───────────────────────

* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

-1-

of Wright Finlay & Zak LLP on brief for appellee The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificate-holders of CWALT, Inc., Alternative Loan Trust 2007-OA7, Mortgage Pass-Through Certificates, Series 2007-OA7 by and through its serving agent Select Portfolio Servicing, Inc.

_____

Before:  JURY, KIRSCHER, and PAPPAS, Bankruptcy Judges.

After Ivaylo Tsvetanov Dodev (Debtor) filed his chapter 11[1] petition, The Bank of New York Mellon (BNYM) fka The Bank of New York as Trustee for the Certificate-holders of CWALT, Inc., Alternative Loan Trust 2007-OA7, Mortgage Pass-Through Certificates, Series 2007-OA7, by and through its servicing agent Select Portfolio Servicing, Inc. (SPS), filed a proof of claim (POC) asserting a secured claim in the amount of $887,726.66 against Debtor's residential real property and listing prepetition arrears of $227,413.43.

Debtor objected to the POC arguing, among other things, that neither BNYM nor SPS had standing to file the POC or enforce the underlying note.  The bankruptcy court overruled Debtor's objection on the grounds that: (1) BNYM's POC was prima facie evidence of the validity and amount of the claim; (2) Debtor failed to advance any argument to overcome the claim's prima facie validity; (3) the validity or extent of BNYM's lien could not be litigated in the context of the claim

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. "Rule" references are to the Federal Rules of Bankruptcy Procedure and "Civil Rule" references are the Federal Rules of Civil Procedure.

-2-

objection; and (4) Debtor confirmed that the validity of the lien and the standing issues were currently being litigated in a civil action pending in the United States District Court for the District of Arizona (Civil Action). The bankruptcy court overruled Debtor's objection to the POC, and Debtor appealed. For the reasons set forth below, we DISMISS this appeal as moot.

## I. FACTS[2]

**A. Prepetition Events**

On July 16, 2004, Debtor and his non-debtor spouse[3] acquired an interest in real property located in Gilbert, Arizona (Property). About two years later, Debtor obtained a loan from First Magnus Financial Corporation (First Magnus) in the amount of $681,750 which was evidenced by a promissory note and secured by a deed of trust against the Property. After loan inception, First Magnus transferred the note to Countrywide Bank NA, which in turn transferred the note to Countrywide Home Loans Incorporated, and Countrywide Home Loans Incorporated endorsed the note in blank. BNYM asserts that it has possession of the note. Through a Corporation Assignment of Deed of Trust Arizona, Mortgage Electronic Registration Systems, Inc. (MERS) assigned all beneficial interest in the deed of trust and the

---

[2] We take judicial notice of various pleadings which were docketed and imaged by the bankruptcy court in this bankruptcy case and also take judicial notice of various pleadings which were docketed and imaged in the United States District Court for the District of Arizona Case No. CV-13-02155-PHX-DLR. Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

[3] The non-debtor spouse later executed a quitclaim deed for the Property in favor of Debtor on December 13, 2006.

note, including the right to monies due under the note, to BNYM. BNYM subsequently executed a document entitled Substitution of Trustee Arizona, substituting Recontrust Company, N.A., in the place of the original trustee under the deed of trust.

Debtor defaulted on the loan on November 1, 2008. As a result, BNYM instituted foreclosure proceedings against the Property. On January 5, 2009, Debtor filed a chapter 7 petition that stayed the foreclosure proceedings. On April 23, 2009, Debtor received his § 727 discharge.[4]

On August 2, 2013, a Notice of Trustee's Sale Arizona with a sale date of November 8, 2013, was recorded against the Property in the Official Records for the County of Maricopa.

In response to the notice of sale, on October 23, 2013, Debtor commenced the Civil Action against BNYM, SPS, and others in the United States District Court for the District of Arizona (Case No. CV-13-02155-PHX), seeking to quiet title and alleging damages under the Fair Debt Collection Practices Act (FDCPA), Breach of Contract, and RICO. Prior to his bankruptcy filing, Debtor filed a first amended complaint. BNYM, SPS and others filed motions to dismiss under Civil Rule 12(b)(6). Debtor replied and the moving parties filed a response.

**B.    Postpetition Events**

Meanwhile, on February 21, 2014, Debtor filed a chapter 11 petition. On April 21, 2014, Debtor filed a notice in the Civil Action that he had filed a bankruptcy petition. On April 22,

---

    [4] Debtor later asserted in the claim objection that his chapter 7 discharge relieved him of all obligations under the note.

-4-

2014, the district court entered an order staying the Civil Action for six months and denying the pending motions to dismiss without prejudice.

Debtor continued his efforts challenging BNYM's secured claim against his Property in the bankruptcy court. In Schedule A, Debtor listed the Property with a value of $293,000 and listed the amount of the secured claim as zero. In Schedule D, Debtor listed First Magnus as holding a secured claim against the Property in the amount of zero. Debtor listed himself as a creditor in Schedule D holding a secured claim of $1,053,160 against the Property and an unsecured claim in the amount of $760,160. Finally, in Schedule F, Debtor listed BNYM as an unsecured creditor with a claim valued at zero. In an amended Schedule F, Debtor later asserted that BNYM had an unsecured claim in the amount of $681,750.

On June 12, 2014, BNYM filed a motion for relief from the automatic stay so that it could continue to foreclose on the Property. In the same motion, BNYM also requested an order determining that the stay did not apply to the Civil Action that was initiated by Debtor or, alternatively, for an order lifting the stay to allow BNYM to proceed with the litigation. BNYM argued that relief from the stay was warranted because Debtor had no equity in the Property and that judicial efficiency favored lifting the stay to allow the Civil Action to continue. According to BNYM, the district court case had been ongoing for close to eight months and during that time the parties had fully briefed the motions to dismiss. Debtor opposed the relief from the stay motion on various grounds, including BNYM's lack of

-5-

standing.

On July 8, 2014, SPS timely filed POC No. 2-1 on behalf of BNYM, alleging a secured claim in the amount of $887,726.66 and stating that the amount of the arrears as of the petition date was $227,413.45. The POC listed SPS as the entity to receive notice and payment on the claim. Attached to the POC was an itemization of all prepetition fees and charges and the amount necessary to cure the prepetition default. Also attached was a copy of the note which contained three endorsements: (1) from First Magnus, the loan originator, to Countrywide Bank NA; (2) from Countrywide Bank NA to Countrywide Home Loans Incorporated; and (3) a blank endorsement from Countrywide Home Loans Incorporated without recourse. The POC also attached a copy of the deed of trust, an assignment of the deed of trust from MERS to BNYM, and proof that the deed of trust was recorded prepetition. The POC was signed by the attorney for BNYM.

Debtor objected to BNYM's POC, asserting, among other things, that neither BNYM nor its servicing agent, SPS, had standing to file the POC or enforce the lien.

BNYM asserted several arguments in response. First, Debtor did not provide a specific basis under § 502 to have BNYM's POC disallowed. Second, if the objection to the POC was sustained, BNYM would not be permitted to participate in the chapter 11 plan, but its lien would pass through the bankruptcy unaffected. Next, BNYM maintained that it was holder of the note since it was endorsed in blank and BNYM was either in possession or constructive possession of the promissory note. Therefore, BNYM qualified as the holder of the note and was

-6-

entitled to enforce the note under Ariz. Rev. Stat. (ARS) § 47-3301.[5] Fourth, BNYM asserted that as the beneficiary under the deed of trust, it was entitled to enforce the underlying obligation. Finally, BNYM argued that it had both constitutional and prudential standing and its POC complied with all the applicable bankruptcy rules.

On August 27, 2014, the district court terminated the stay that it had imposed on the Civil Action and reinstated the parties' motions to dismiss Debtor's first amended complaint.[6]

On September 10, 2014, the bankruptcy court held a preliminary hearing on BNYM's motion for relief from the stay. The court directed the attorney for BNYM to file a declaration from his client setting forth the transfers of the loan and attaching the relevant documentation.[7] The court also authorized the attorney to upload a form of order lifting the automatic stay and the court stated that the stay would be

---

[5] ARS § 47-3301 provides:

'Person entitled to enforce' an instrument means the holder of the instrument, a nonholder in possession of the instrument who has the rights of a holder or a person not in possession of the instrument who is entitled to enforce the instrument pursuant to § 47-3309 or § 47-3418, subsection D. A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

[6] Evidently the parties stipulated that the automatic stay under § 362 did not apply to the litigation commenced by Debtor prior to his bankruptcy.

[7] The declaration was not filed until October 29, 2014, after the bankruptcy court ruled on the claim objection.

-7-

lifted.

On October 6, 2014, the district court granted BNYM's and SPS's motions to dismiss Debtor's first amended complaint in the Civil Action without prejudice, except as to his claim for mail fraud which was dismissed with prejudice. The district court gave Debtor fifteen days in which to file a second amended complaint.[8]

Meanwhile, the bankruptcy court heard Debtor's objection to BNYM's POC on October 20, 2014. The bankruptcy court advised Debtor to keep in mind that his objection to BNYM's POC would not remove or invalidate the lien against his Property in the context of the claim objection.[9] Debtor also confirmed to the court that he was seeking that relief in the Civil Action.

Debtor argued that, for myriad reasons, BNYM and SPS did not have standing to file the POC or enforce the note. In response, Bank's counsel explained that SPS was subservicing the loan and that SPS indicated to his firm that it was in possession of the note and that note was endorsed in blank. The bankruptcy court noted that BNYM had not yet filed an affidavit or declaration in connection with its motion for relief from stay. BNYM's counsel represented that the declaration had been drafted and that he would file it sometime

---

[8] BNYM states in its brief that the district court granted the motions to dismiss on December 12, 2013. However, the order is dated October 6, 2014.

[9] Debtor did not file an adversary proceeding under Rule 7001(2) in order to have the bankruptcy court determine the validity, priority, and enforceability of BNYM's lien.

-8-

that week.[10]

The bankruptcy court ruled that BNYM's POC was prima facie evidence of the validity of its claim and complied with the applicable bankruptcy rules. The court found that Debtor had not met his burden of proof of overcoming the prima facie validity of the POC because his arguments failed to raise a legal basis to sustain the objection or were inapplicable. The court further found that BNYM had presented the note which showed an endorsement in blank. The court stated that it did not see any information from Debtor to show that the deed of trust was invalidated or discharged or somehow removed from the property in question. In the end, the bankruptcy court found that "[t]he notes and deed[] of trust appear proper[] and there's no basis on which to sustain your objection."

The bankruptcy court entered the order overruling Debtor's objection and allowing Bank's claim on October 23, 2014. Debtor filed a timely appeal from that order.[11]

On October 23, 2014, the same day the bankruptcy court entered the order overruling his claim objection, Debtor filed

[10] As previously noted, the declaration was filed on October 29, 2014, after the bankruptcy court ruled on the claim objection, and in connection with BNYM's motion for relief from stay. In the declaration, an employee of SPS verified that SPS was BNYM's subservicer and had actual possession of the note.

[11] Debtor also appealed a second order as part of his notice of appeal - the bankruptcy court's order terminating the automatic stay as to BNYM and determining that the automatic stay did not apply to the Civil Action. The Panel issued an order informing Debtor that it opened a second appeal, BAP No. 14-1529, and requiring him to pay an additional filing and docketing fee, which he did. That appeal has since been dismissed as moot because Debtor's underlying bankruptcy case was dismissed.

-9-

his second amended complaint in the Civil Action. Debtor's first claim for relief challenged the standing of "all defendants", including BNYM and SPS. Debtor alleged that none of the defendants had either constitutional or prudential standing and that they were not the real parties in interest as a holder in due course or authorized agent of a holder in due course. Therefore, Debtor alleged that they could not show injury in fact as a result. BNYM, SPS, and others again filed motions to dismiss Debtor's second amended complaint.

On November 10, 2014, the bankruptcy court entered the order granting BNYM's motion for relief from stay and determining that the automatic stay did not apply to the Civil Action.

On March 13, 2015, Debtor's bankruptcy case was dismissed.

On April 13, 2015, the district court granted the parties' motions to dismiss Debtor's second amended complaint on all causes of action with prejudice except the quiet title claim for relief. The district court determined that Debtor's allegations under his first claim for relief that included his standing arguments failed to state a claim for relief and that further amendment would be futile. The district court gave Debtor a final opportunity to file a third amended complaint on the quiet title claim. The order dismissing the other claims made clear that Debtor was prohibited from reasserting any allegations regarding BNYM's or SPS's standing in the third amended complaint. The Civil Action remains open and is ongoing.

## II.   JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C.

-10-

§§ 1334 and 157(b)(2)(B). During the pendency of this appeal, the bankruptcy court dismissed Debtor's chapter 11 case and Debtor continued to assert his standing arguments in the Civil Action through the filing of his second amended complaint. His constitutional and prudential standing arguments ran their course along with his other arguments relating to the FDCPA and challenges to the validity of the assignment of the deed of trust from MERS to BNYM when the district court dismissed those claims, among others, with prejudice. Because of the dismissal of the underlying bankruptcy case, and the presence of the related litigation in the district court, the question arises whether this appeal is moot. For the reasons set forth below, we conclude that it is.

### III. ISSUES

Do we have jurisdiction over this appeal?

If we do have jurisdiction over the appeal, did the bankruptcy court err in overruling Debtor's objections to BNYM's POC?

### IV. STANDARDS OF REVIEW

Our jurisdiction, such as whether an appeal is moot, is a question of law that we address de novo. Menk v. Lapaglia (In re Menk), 241 B.R. 896, 903 (9th Cir. BAP 1999).

Standing is an issue of law which we also review de novo. Palmdale Hills Prop., LLC v. Lehman Commercial Paper, Inc (In re Palmdale Hills Prop., LLC), 654 F.3d 868, 873 (9th Cir. 2011). Factual determinations underlying the standing decision are reviewed for clear error. Id.

An order overruling a claim objection can raise legal

-11-

issues (such as the proper construction of statutes and rules) which we review de novo, as well as factual issues (such as whether the facts establish compliance with particular statutes or rules), which we review for clear error. Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal), 450 B.R. 897, 918 (9th Cir. BAP 2011).

## V. DISCUSSION

Debtor argues on appeal that the bankruptcy court erred in overruling his objection for numerous reasons which we summarize here: (1) SPS did not have standing to file the POC on behalf of BNYM; (2) SPS failed to establish an agency relationship with BNYM; (3) BNYM had not produced evidence that SPS was in possession of the note until after his claim objection had been ruled upon; (4) BNYM is in violation of the FDCPA; (5) the validity of the endorsements on the copy of the note is questionable; (6) BNYM has failed to establish that it had a secured claim; (7) the assignment of the deed of trust from MERS to BNYM was deficient; (8) the claim was unenforceable under non-bankruptcy law; (9) the bankruptcy court failed to hold an evidentiary hearing; and (10) the debt is time-barred by ARS § 12-548.

While BNYM responds to these arguments, as an initial matter, it asserts that this appeal is moot because the bankruptcy court dismissed Debtor's chapter 11 case after he filed this appeal and the order dismissing the case is now final. Accordingly, we first consider our jurisdiction.

Ordinarily we have jurisdiction over appeals of final

-12-

orders under 28 U.S.C. § 158 but we lack jurisdiction to hear a moot appeal. I.R.S. v. Pattullo (In re Pattullo), 271 F.3d 898, 901 (9th Cir. 2001). "Our mootness inquiry focuses upon whether we can still grant relief between the parties." Id. "'If an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal is moot and must be dismissed.'" Id. That said, an appeal is not moot "if the court can fashion some form of meaningful relief" for the appellant in the event it decides the appeal on the merits in its favor. Id.

It is well settled that the dismissal of a bankruptcy case may render moot those matters closely connected with a Debtor's reorganization, such as allowing a proof of claim. Bevan v. Socal Commc'ns Sites, LLC (In re Bevan), 327 F.3d 994, 997 (9th Cir. 2003). Since only claimants with allowed claims may participate in a distribution under a Debtor's plan, allowing BNYM's POC is undoubtedly a matter closely connected with Debtor's reorganization. Here, the dismissal occurred because Debtor could not confirm a plan; no creditor, including BNYM or SPS, will receive distributions since his case was dismissed.

Moreover, the deed of trust passed through Debtor's bankruptcy and continues to encumber his Property. Upon dismissal, the Property revested in Debtor and Debtor was restored to all of the rights he possessed immediately prior to the filing of his petition. See § 349. Indeed, Debtor continues to pursue those rights in the Civil Action. Under

-13-

these circumstances, we fail to see how we could provide any meaningful relief to Debtor within the confines of the bankruptcy case itself. See In re Pattullo, 271 F.3d at 901-902 ("To have jurisdiction, we must be able to grant effective relief within the boundaries of the present case.").

Generally, "a claims objection proceeding in bankruptcy takes the place of the state court lawsuit or other action because such actions are presumptively stayed by operation of § 362." In re Veal, 450 B.R. at 918. However, the bankruptcy court may defer to a nonbankruptcy court to liquidate and settle the parties' claims and contentions under appropriate circumstances. Here, the record shows that the bankruptcy court implicitly abstained from making a merits ruling within the context of the claim objection pertaining to issues that were repeated in the Civil Action. Indeed, the parties continued to litigate the standing issues and others in the Civil Action prior to the bankruptcy court's ruling on the claim objection and prior to the bankruptcy court's ruling on BNYM's motion for relief from the stay. During the pendency of this appeal Debtor's constitutional and prudential standing arguments relating to BNYM and SPS ran their course in the Civil Action along with his other arguments alleging violations under the FDCPA and challenges to the validity of the assignment of the deed of trust from MERS to BNYM. These claims, among others, were dismissed with prejudice which means Debtor had no opportunity to cure the pleading defects in his second amended complaint. In addition, although the district court gave Debtor

-14-

one final opportunity to file a third amended complaint on the quiet title cause of action, the district court made perfectly clear in its dismissal order that Debtor could not re-plead his "standing to enforce," "holder of the note," or UCC arguments and allegations or any reformulation of them:

> If Dodev submits a Third Amended Complaint that re-pleads any claim dismissed with prejudice by this order, rehashes his 'standing' arguments, or fails to comply with [Civil] Rule 8, the Court will not wait for a motion to dismiss to be filed, but will instead strike the amended pleading and dismiss this action entirely.

Given this background, a potentially preclusive order on the standing issues has already been rendered. See Bevan, 327 F.3d at 997 ("The allowance . . . of 'a claim in bankruptcy is binding and conclusive on all parties or their privies, and being in the nature of a final judgment, furnishes a basis for a plea of res judicata.'"). Accordingly, even if we were to reverse the bankruptcy court's ruling that BNYM had standing, the district court has already finally decided that issue.

## VI. CONCLUSION

Because we can grant no effective relief, we DISMISS this appeal as moot.

-15-