

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
# OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. AZ-20-1096-TLB |
| ANITA E. SMITH-HARRIS, | |
| Debtor. | Bk. No. 2:19-bk-06601-EPB |
| ANITA E. SMITH-HARRIS, | |
| Appellant. | **MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the District of Arizona
Eddward P. Ballinger, Jr., Bankruptcy Judge, Presiding

Before: TAYLOR, LAFFERTY, and BRAND, Bankruptcy Judges.

Chapter 13[1] debtor Anita E. Smith-Harris appealed from the

bankruptcy court's order denying her motion for a broad injunction against

creditor action and, in effect, imposition of the automatic stay. While this

appeal was pending, Smith-Harris' chapter 13 case was dismissed.

The underlying chapter 13 case was the fifth bankruptcy case filed by

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

Smith-Harris in the span of four years.[2] All of her bankruptcies have now been dismissed. Her third and fourth cases were pending during the one-year period before the underlying case (the "Case"). Consequently, the automatic stay never arose in the Case. *See* § 362(c)(4).

As the stay was not in place, Smith-Harris filed a motion requesting injunctive relief under § 105; it, in effect, sought a reimposition of the automatic stay. The bankruptcy court denied the motion because it was a procedurally improper method for obtaining such relief. *See* Rule 7001(7).

Smith-Harris filed a motion for reconsideration, which the bankruptcy court also denied.

Smith-Harris then filed a timely appeal on April 20, 2020.

While this appeal was originally set for oral argument on July 15, 2020, Smith-Harris' counsel requested that oral argument be vacated because the bankruptcy court would soon dismiss the Case. Accordingly, the Panel vacated oral argument and deemed the appeal submitted on the briefs.

On July 13, 2020, the bankruptcy court entered an order dismissing the Case. Smith-Harris did not timely appeal the dismissal order.

---

[2] We exercise our discretion to take judicial notice of documents electronically filed in Smith-Harris' current and past bankruptcy cases, including documents filed after the filing of this appeal to the extent they resolve this appeal. *See  Ellis v. Yu (In re Ellis)*, 523 B.R. 673, 676 (9th Cir. BAP 2014); *Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

We lack jurisdiction over a moot appeal. *I.R.S. v. Pattullo (In re Pattullo)*, 271 F.3d 898, 900 (9th Cir. 2001). If this appeal is moot, it must be dismissed. *Id.*

A moot appeal is one in which the issues presented are no longer live and no case or controversy exists. *Pilate v. Burrell (In re Burrell)*, 415 F.3d 994, 998 (9th Cir. 2005). The test for mootness is whether an appellate court can fashion effective relief for the prevailing party if it decides the merits in his or her favor. *Id.* We conclude that we are unable to grant Smith-Harris any effective form of relief.

As noted, Smith-Harris' Case was dismissed and the dismissal order is now final. *See* Rule 8002(a)(1). Thus, we are unable to grant any effective relief with respect to her request to enjoin creditor action under § 105(a) and, in effect, to reimpose the automatic stay, even if we decided the merits in her favor. *See Mangaoang v. Newport Beach Holdings, LLC (In re Mangaoang),* BAP No. NC-18-1309-BSTa, 2019 WL 3801497, at *2 (9th Cir. BAP Aug. 13, 2019) (concluding appeal of order denying motion to extend the automatic stay was moot due to subsequent final order dismissing the bankruptcy case).

Accordingly, because the appeal is MOOT, we DISMISS for lack of jurisdiction.