**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>ALDA M. LUTZ,<br><br>                Debtor. | BAP No. CC-22-1094-LFT<br><br>Bk. No. 1:21-bk-10143-VK |
| ALDA M. LUTZ,<br>                Appellant,<br>v.<br>J.P. MORGAN MORTGAGE<br>ACQUISITION CORPORATION,<br>                Appellee. | **MEMORANDUM\*** |

Appeal from the United States Bankruptcy Court
for the Central District of California
Victoria S. Kaufman, Bankruptcy Judge, Presiding

Before: LAFFERTY, FARIS, and TAYLOR, Bankruptcy Judges.

## INTRODUCTION

Alda Lutz appeals the bankruptcy court's order denying her motion to order her mortgage lender to modify its proof of claim to remove certain attorneys' fees and costs from the arrearage to be paid through her chapter 13[1] plan and instead add those amounts to the loan balance. Shortly after

---

\* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the

that order was entered, the bankruptcy court dismissed Ms. Lutz's case. We DISMISS this appeal as moot.

## FACTS

Pre-petition, Ms. Lutz sued the servicer of the loan secured by her residence to prevent foreclosure. Although she initially obtained a preliminary injunction, that injunction was later dissolved. She then filed a chapter 13 petition. The lender, J.P. Morgan Mortgage Acquisition Corporation ("JPM"), filed a proof of claim that included in its arrearage claim $75,340.90 of attorneys' fees and costs incurred in the pre-petition litigation and the foreclosure process. Ms. Lutz objected on the ground that she had not received notice of those fees and costs, nor was there an accounting. After JPM provided a detailed accounting of the fees and costs, the bankruptcy court entered an order overruling Ms. Lutz's objection.

Ms. Lutz then filed a "Motion to Request an Order that a Portion of J.P. Morgan Mortgage Acquisition Corp.'s Proof of Claim Be Added to the Loan Balance." Ms. Lutz argued that the attorneys' fees and costs should not be part of the arrearage to be paid through her plan but instead should be added to the principal balance of the loan. The bankruptcy court disagreed and denied the motion.[2] On September 14, 2022, the bankruptcy court dismissed the case.

Bankruptcy Code, 11 U.S.C. §§ 101–1532.

[2] The bankruptcy court based its ruling on its interpretation of Paragraph 9 of the deed of trust, which provides in relevant part:

If . . . (b) there is a legal proceeding that might significantly affect

2

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(B). As discussed below, we lack jurisdiction over this appeal.

## ISSUE

Is this appeal moot?

## DISCUSSION

In determining whether an appeal is moot, we focus upon whether we can fashion meaningful relief. *I.R.S. v. Pattullo (In re Pattullo)*, 271 F.3d 898, 901 (9th Cir. 2001). Reversal of the order on appeal would not confer any relief on Ms. Lutz because there is no longer any pending chapter 13 reorganization.

> In the bankruptcy context the determination of whether a case becomes moot on the dismissal of the bankruptcy hinges on the question of how closely the issue in the case is connected to the underlying bankruptcy. When the issue being litigated directly involves the debtor's reorganization, the case is mooted by the dismissal of the bankruptcy.

*Id.* (cleaned up).

---

Lender's interest in the Property and/or rights under this Security Instrument[,] . . . Lender's action can include . . . (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument . . . .

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

In her response to the BAP Clerk's order for briefing explaining why the appeal was not moot, Ms. Lutz stated that the appeal is not moot because she intends to file a new chapter 13 case, and "[t]o have to go through the effort for all parties in a new case would create unnecessary redundancy." She argues that the Panel can fashion effective relief because the outcome of this appeal will determine the required plan treatment in the new case.

The Ninth Circuit Court of Appeals rejected a similar argument in *Pattullo*. There, the IRS moved to dismiss the debtors' chapter 13 case for lack of eligibility. The bankruptcy court denied the motion, finding that the IRS was bound by a prior settlement in which it had stipulated to the amount of the debtors' unsecured debt. In the absence of that ruling, debtors' unsecured debts would have been over the eligibility limit. While the appeal of the bankruptcy court's order was under submission to the Ninth Circuit, the bankruptcy court dismissed the debtors' case.

The Ninth Circuit held that the appeal was moot because it was "entirely dependent" on the existence of the original chapter 13 case. The debtors argued that effective relief could be granted because they had filed a new chapter 13 case, and if the Ninth Circuit affirmed the bankruptcy court, that decision would preclude relitigation of whether the IRS was bound by its stipulation. The Circuit rejected this argument, noting that it lacked jurisdiction over a moot appeal: "[W]e may not issue a decision simply to preclude similar arguments being raised by the IRS in the new

4

Chapter 13 proceeding. To have jurisdiction, we must be able to grant effective relief within the boundaries of the present case, and we lack that ability." *Id.*

As in *Pattullo*, this appeal is dependent on the existence of the original chapter 13 case. The bankruptcy court's decision determined the treatment of JPM's claim under the plan, but there is no longer a claim or a plan. Moreover, Ms. Lutz's argument that she lacked notice of the attorneys' fees and costs is no longer viable. And Ms. Lutz does not argue that anything in the bankruptcy court's ruling would impact the parties' rights outside of bankruptcy. Accordingly, we lack jurisdiction over this appeal.

**CONCLUSION**

Because we cannot fashion any effective relief, we DISMISS this appeal as moot.