**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

BROTHER RECORDS, INC., a
California Corporation,
        *Plaintiff-Counter-Defendant-*
                        *Appellant,*

                v.

ALAN JARDINE, an individual,
        *Defendant-Counter-Claimant-*
                        *Appellee.*

No. 04-55096

D.C. No.
CV-99-03829-HLH

OPINION

Appeal from the United States District Court
for the Central District of California
Harry L. Hupp, District Judge, Presiding

Argued and Submitted
November 15, 2005—Pasadena, California

Filed December 19, 2005

Before: William C. Canby, Jr., Ferdinand F. Fernandez, and
Marsha S. Berzon, Circuit Judges.

Opinion by Judge Canby

16579

## COUNSEL

Philip H. Stillman, Flynn & Stillman, Cardiff, California, for the appellant.

Lawrence C. Noble, Lawrence C. Noble & Associates, Ventura, California, for the appellee.

## OPINION

CANBY, Circuit Judge:

Brother Records, Inc. ("BRI") is a California corporation that was formed by four of the original members of the music group "The Beach Boys." Alan Jardine was an original band member and is a director and shareholder of BRI. In a prior federal lawsuit, BRI successfully sued Jardine for trademark infringement. While that action was pending, Jardine filed suit against BRI and its shareholders in California Superior Court, alleging breach of fiduciary duty and related claims. The California Court of Appeal held that Jardine's suit was not barred as res judicata under state law. BRI then filed a motion in the federal district court for an injunction to prevent Jardine from going forward with his state action. The district court denied BRI's motion, and BRI now appeals. We affirm because, in the light of the California Court of Appeal's ruling that res judicata was not a bar to the state action, the district court's denial of the injunction was not an abuse of discretion.

**Background**

In 1998, BRI issued a non-exclusive license to Michael Love, an original member of The Beach Boys, to use the band's trademark. BRI declined, however, to sign a contract authorizing Jardine also to use the mark. After Jardine began touring under the name "Beach Boys Family & Friends" and other variants, BRI sued in federal court for trademark infringement. The district court granted partial summary judgment in BRI's favor. A permanent injunction was entered on November 5, 2001, prohibiting Jardine from using "Beach Boy" or "Beach Boys" in the name of his music group. The district court decision was affirmed by this court in *Brother Records, Inc. v. Jardine*, 318 F.3d 900 (9th Cir. 2003).

Shortly after BRI filed its motion for summary judgment in federal court, Jardine brought an action against BRI and its shareholders in California state court for breach of fiduciary duties and breach of contract. The defendants filed a demurrer on the ground that res judicata barred the claims. The state trial court sustained the demurrer with leave to amend. When Jardine did not amend, the complaint was dismissed. Jardine appealed, and the California Court of Appeal reversed on the ground that Jardine's claims were not barred by res judicata or collateral estoppel under state law.[1]

---

[1]After the California Court of Appeal's decision, Jardine voluntarily dismissed BRI without prejudice, leaving BRI's shareholders as the only remaining defendants. Although Jardine argues otherwise, his dismissal of BRI from the state court action does not moot BRI's appeal to this court because Jardine caused the dismissal, and this court can still grant effective relief. *See Seven Words LLC v. Network Solutions*, 260 F.3d 1089, 1095 (9th Cir. 2001) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)) (stating that an appeal should be dismissed when "without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever . . ."). A ruling in BRI's favor here would protect it from being brought back into the California lawsuit.

BRI then filed a motion in the district court to enjoin the state court proceedings pursuant to the All Writs Act, 28 U.S.C. § 1651, as qualified by the Anti-Injunction Act, 28 U.S.C. § 2283. The district court expressed its agreement with the decision of the California Court of Appeal that res judicata did not bar Jardine's state lawsuit; the district court accordingly denied the motion for an injunction. The district court expressed no doubt about its power to issue an injunction if issues arise in the state court in the course of litigation that would be precluded by the earlier federal judgment, but ruled that no injunction should issue because the state court could adequately resolve such issues as they arose. BRI now appeals the district court's ruling.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion the district court's denial of the injunction. *See, e.g., Sports Form, Inc. v. United Press Int'l., Inc.*, 686 F.2d 750, 752 (9th Cir. 1982). The district court's decision "will be reversed only if [it] relied on an erroneous legal premise or abused its discretion." *Id.*

## Discussion

### 1. The Relitigation Exception to the Anti-Injunction Act

[1] The district court's authority to issue an injunction under the All Writs Act, 28 U.S.C. § 1651, is limited by the Anti-Injunction Act, 28 U.S.C. § 2283. The Anti-Injunction Act prohibits federal courts from enjoining state court proceedings unless one of three narrow exceptions applies. 28 U.S.C. § 2283.[2] The exception that most arguably applies here

---

[2]The Anti-Injunction Act is admirably succinct. It provides in full:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283.

is the "relitigation" exception, which allows a district court to issue an injunction when necessary to "protect or effectuate its judgments." *Id.* This exception is grounded in "the well-recognized concepts of res judicata and collateral estoppel," *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 147 (1988), and is intended to "prevent the harassment of successful federal litigants through repetitious state litigation," *Amwest Mortgage Corp. v. Grady*, 925 F.2d 1162, 1164 (9th Cir. 1991). Thus, the exception permits a district court to enjoin state court litigation if that litigation is barred by the res judicata effect of the district court's earlier judgment. *See Blalock Eddy Ranch v. MCI Telecomms. Corp.,* 982 F.2d 371, 375 (9th Cir. 1992).

The district court did not write on a blank slate in addressing the question whether its earlier judgment barred the state court action under the principles of res judicata or collateral estoppel. The California Court of Appeal had already ruled that the state action was not barred when the district court denied the injunction. We conclude that this denial was not an abuse of discretion because of the very considerable weight that the California Court of Appeal's decision carries in these circumstances.

**[2]** It is true, as we have already pointed out, that a federal court may enjoin a state court action that is barred by the res judicata effect of the federal court's judgment. At the outset of such state litigation, the federal court may decide the res judicata issue and rule accordingly. *See id.* The Supreme Court has held, however, that the situation is drastically changed when the state court has already ruled that the state action is not barred by the res judicata effect of the federal judgment. *See Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 524 (1986). That state court ruling itself may be binding on the federal court under the Full Faith and Credit Act, 28 U.S.C. § 1738. That Act provides that state court proceedings "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the

courts of such State . . . from which they are taken." 28 U.S.C. § 1738. Thus, the district court was required to give the California Court of Appeal's decision "the same preclusive effect it would have had in another court of the same State." *Parsons*, 474 U.S. at 525. This requirement applies "[e]ven if the state court mistakenly rejected respondents' claim of res judicata . . . ." *Id.*

**[3]** The next question, then, is whether the Court of Appeal's res judicata ruling is preclusive on other California courts under California law. The answer is not entirely clear. In California, a judgment has res judicata effect on another case if: (1) the issues decided in the prior case were or could have been raised in the subsequent case; (2) *there was final judgment on the merits*; and (3) the party against whom the res judicata plea was asserted was a party in the prior case. *See Bernhard v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 19 Cal. 2d 807, 813 (1942). There is conflicting California authority on whether the Court of Appeal's decision reversing and remanding on res judicata grounds is a final judgment. *Compare Doudell v. Shoo*, 159 Cal. 448, 453 (1911) (stating that "[a] judgment is final 'when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined' " (citations omitted)) *and People v. Scott*, 85 Cal. App. 4th 905, 919 (2000) (holding that a decision is final when "no further judicial act remains to be done to end the litigation") *with Rymer v. Hagler*, 211 Cal. App. 3d 1171, 1180 (1989) (explaining that collateral estoppel "requires only a final adjudication of the issue sought to be precluded in the second action") *and Sandoval v. Super. Ct.*, 140 Cal. App. 3d 932, 936 (1983) (adopting and quoting the Restatement (Second) of Judgments' rule that "for purposes of issue preclusion . . . 'final judgment' includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect").

**[4]** We need not resolve this question, however, to decide the case before us. If the Court of Appeal's decision is final and preclusive under state law, then the district court was required to follow it and thus acted properly in denying the injunction. *See Parsons*, 474 U.S. at 525. Even if the decision is not final and preclusive, we conclude that the district court did not abuse its discretion in giving it effect. Absent a preclusive final judgment, the district court could still determine "the propriety of a federal-court injunction under the general principles of equity, comity, and federalism . . . ." *Parsons*, 474 U.S. at 526. The Court of Appeal's decision on res judicata was sufficiently definitive that all three of these principles are satisfied by according great weight to the state court's ruling. The parties argued the res judicata issue before the state trial court and the Court of Appeal, and the latter court explicitly decided the issue, which was determinative of the entire appeal. We agree with the Seventh Circuit's observation that once the state court has considered and decided the res judicata issue, "the affront of federal court intervention stripping the state court of power to continue is greatly magnified." *Ramsden v. Agribank, FCB*, 214 F.3d 865, 870 (7th Cir. 2000). By adhering to the state court's decision, the district court furthered the purpose of *Parsons* and the Anti-Injunction Act, which is to "prevent friction between federal and state courts by barring federal intervention in all but the narrowest of circumstances." *Sandpiper Vill. Condo. Ass'n, Inc. v. La.-Pac. Corp.*, 428 F.3d 831, 842 (9th Cir. 2005). Therefore, regardless of whether the California Court of Appeal's decision was final for purposes of res judicata, the district court did not abuse its discretion in denying the injunction under the relitigation exception.[3]

---

[3]In holding that the district court did not abuse its discretion in giving effect to the state Court of Appeal's ruling even if it was not final, we do not decide whether there are circumstances in which the district court *must* give such a state court ruling preclusive effect. In *Ramsden*, 214 F.3d at 871-72, the Seventh Circuit held that a state trial court's ruling rejecting a defense of res judicata, although non-final for state preclusion purposes, precluded the federal court from enjoining the state litigation.

## 2.   The Exception to the Anti-Injunction Act for Injunctions Necessary in Aid of the Federal Court's Jurisdiction

**[5]** BRI contends that the district court should have enjoined the state court action under the Anti-Injunction Act's exception for injunctions "necessary in aid of [the district court's] jurisdiction." 28 U.S.C. § 2283. We reject this contention for many of the same reasons that caused us to reject the argument that the relitigation exception to the Act applied. Both exceptions serve a similar purpose: "to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 295 (1970). The authorities on which BRI relies involve instances where a state court threatened to interfere with a continuing exercise of jurisdiction and administration of a particular subject matter by a federal court. *See*, *e.g.*, *United States v. Alpine Land & Reservoir Co.*, 174 F.3d 1007, 1015 (9th Cir. 1999). Jardine's breach of fiduciary duty claim does not threaten the district court's continuing jurisdiction to enforce the injunction, which prohibits Jardine from using the Beach Boys trademark. Even if there was some question about the possibility of interference with the injunction, "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Atl. Coast Line R.R. Co.*, 398 U.S. at 297.

**[6]** We conclude, therefore, that the district court acted properly within its discretion in denying the injunction. The decision of the district court is

**AFFIRMED**.