**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ROBERT TUR, doing business as
Los Angeles News Service,
   *Plaintiff-Appellee,*

  v.

YOUTUBE, INC.,
   *Defendant-Appellant.*

No. 07-56683

D.C. No.
CV-06-04436-FMC

OPINION

Appeal from the United States District Court
for the Central District of California
Florence-Marie Cooper, District Judge, Presiding

Argued and Submitted
March 5, 2009—Pasadena, California

Filed April 21, 2009

Before: Diarmuid F. O'Scannlain, Pamela Ann Rymer, and
Kim McLane Wardlaw, Circuit Judges.

Per Curiam Opinion

## COUNSEL

David H. Kramer, Wilson, Sonsini, Goodrich & Rosati LLP, Palo Alto, California, argued the cause for the defendant-appellant and filed the briefs. Colleen Bal, Bart E. Volkmer, and Caroline E. Wilson, Palo Alto, California, were on the briefs.

Hal S. Shaftel, Proskauer Rose LLP, New York, New York argued the cause for the plaintiff-appellee. Francis Pizzulli, Santa Monica, California, Bert H. Deixler, Proskauer Rose LLP, Los Angeles, California, and David Stickney, Bernstein, Litowitz, Berger & Grossman LLP, San Diego, California, filed the briefs.

---

## OPINION

PER CURIAM:

Robert Tur, an award-winning helicopter journalist, sued YouTube, a highly popular online video sharing service, for copyright infringement in the Central District of California. YouTube moved for summary judgment based upon the safe-harbor provision of the Digital Millennium Copyright Act, 17 U.S.C. § 512(c), which the district court denied. Shortly thereafter, Tur, hoping to join a putative New York class action against YouTube that raises similar issues, moved to dismiss his current case. The district court granted Tur's motion to dismiss without prejudice.

YouTube timely appeals from both the grant of the motion to dismiss and the denial of summary judgment. In a memorandum disposition filed concurrently with this opinion, we affirm the dismissal order.

I

Only an issue of jurisdiction remains: because the underlying case has been dismissed, is YouTube's appeal from the denial of summary judgment moot?[1]

"The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." *Nw. Envtl. Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988). Here, there are two possible controversies which a ruling on the summary judgment might affect: the now-dismissed case in the Central District of California or the pending class action in New York. "A dismissal without prejudice," however, "leaves the parties where they would have stood had the lawsuit never been brought." *Navellier v. Sletten*, 262 F.3d 923, 938 (9th Cir. 2001). Clearly, YouTube cannot escape mootness by claiming that an underlying ruling would affect the California case. No matter what we might have done with review of the denial of summary judgment, this case is no longer proceeding in California.

**[1]** We are left with YouTube's claim that, because a reversal of the district court's denial of summary judgment would have a preclusive effect on Tur's claims in the New York litigation, the case is not moot. The question is whether, after the case on appeal has been dismissed voluntarily, we may review an earlier order in the same case on the grounds that resolving it might have a collateral estoppel or a res judicata effect on pending litigation in another jurisdiction.

**[2]** We cannot. Mootness is jurisdictional. It is circular to argue that a case is live because resolving it may produce a preclusive effect, because it may produce such a preclusive effect only if it is live. As we have previously held:

---

[1]Because of our resolution of this issue, we need not address whether we would exercise discretionary jurisdiction over the appeal from the denial of the motion for summary judgment. *See Jones-Hamilton Co. v. Beazer Materials & Servs., Inc.*, 973 F.2d 688, 694 n.2 (9th Cir. 1992).

[S]ince a dismissal for mootness is a dismissal for lack of jurisdiction, and a court that has no jurisdiction cannot enter a judgment with preclusive effect [,] . . . it is circular to argue that a judgment is not moot because it may have preclusive effect, when it can have preclusive effect only if it is not moot. That determination must rest on more than the truism that a final judgment can collaterally estop parties (and sometimes nonparties) in future litigation.

*In re Pattullo*, 271 F.3d 898, 901 (9th Cir. 2001) (internal citation and quotation marks omitted). For the same reasons, an issue is moot even if resolving it would prevent an identical or similar case from being re-filed in the same jurisdiction.[2] Indeed, if the potential of a preclusive effect were enough to keep a case alive, the mootness doctrine itself would largely evaporate. Therefore, we conclude that an issue is moot when deciding it would have no effect within the confines of the case itself. *See id.* at 901-02 ("To have jurisdiction, we must be able to grant effective relief within the boundaries of the present case.").[3]

A

Our decision in *Brother Records, Inc. v. Jardine*, 432 F.3d 939 (9th Cir. 2005), cited by YouTube, is not to the contrary. There, Brother Records sued Jardine in federal district court.

---

[2]There is a well-established exception to the mootness rule, however, for issues that are "capable of repetition, yet evading review." *Davis v. Fed. Election Comm'n*, 128 S. Ct. 2759, 2769 (2008). Such a situation is not presented here, where there is no allegation of "a reasonable expectation that the same complaining party [will] be subject to the same action again." *Spencer v. Kemna*, 523 U.S. 1, 17 (1998) (alteration in original) (internal quotation marks and citation omitted).

[3]Notably, the party who sought dismissal here also prevailed in the earlier order. This case does not involve a party who *lost* in the earlier order and then sought to dismiss the case in order to litigate in a more favorable forum. We express no view on such a scenario.

*Id.* at 941. Later, Jardine sued Brother Records in California state court based on the same facts at issue in the federal case. *Id.* at 942. Brother Records then filed a motion in federal court to enjoin the pending state court proceedings, which was denied. *Id.* Brother Records appealed from that denial. *Id.* While Brother Records' appeal of the injunction order was pending, Jardine voluntarily dismissed Brother Records from the state court litigation and then argued in the federal appeal that the voluntary dismissal mooted Brother Records' request for an injunction. *Id.*

In a footnote, we disagreed. We reasoned:

> Although Jardine argues otherwise, his dismissal of [Brother Records] from the state court action does not moot [Brother Records]'s appeal to this court because Jardine caused the dismissal, and this court can still grant effective relief . . . . [A]n appeal should be dismissed when without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever . . . . A ruling in [Brother Records'] favor here would protect it from being brought back into the California lawsuit.

*Id.* at 942 n.1 (internal citations and quotation marks omitted).

**[3]** This case differs substantially from *Brother Records*. There, the case on appeal had not been dismissed. A ruling in Brother Records' favor would have affected the pending federal case by preventing the re-filing of a simultaneous, similar, state case that would disrupt the federal case in the future. Here, in contrast, a ruling on the denial of summary judgment would affect only the putative New York class action; it would have no effect on the case on appeal. "To have jurisdiction, we must be able to grant effective relief within the

boundaries of the present case." *Pattulo*, 271 F.3d at 901-02. We are thus persuaded that YouTube's appeal is moot.

## B

Nor does our conclusion conflict with the Eleventh Circuit's decision in *Kirkland v. National Mortgage Network, Inc.*, 884 F.2d 1367 (11th Cir. 1989). There, as here, the district court dismissed the case without prejudice under Fed. R. Civ. P. 41. *Id.* at 1368. National Mortgage Network then filed an appeal challenging only the district court's previous order revoking its attorney's admission *pro hac vice* to litigate the case. *Id.* The Eleventh Circuit concluded that the appeal was not moot, reasoning that "[a]lthough the immediate impact of the revocation of [the attorney's] *pro hac vice* status ended with the case's dismissal, the 'brand of disqualification' on grounds of dishonesty and bad faith could well hang over his name and career for years to come." *Id.* at 1370.

**[4]** Here, we are not confronted with any allegations that resemble those in *Kirkland*. Indeed, we express no view on whether reputational effects on counsel in a dismissed case are sufficient to defeat mootness. Today, it is enough to conclude that when the case on appeal has been dismissed, a party may not obtain appellate review of an earlier order if the sole ground of subject-matter jurisdiction is that resolution of that order might preclude litigation elsewhere.

## II

For the foregoing reasons, YouTube's appeal is DISMISSED.[4]

---

[4]We also deny as moot Tur's pending motion to supplement the record on appeal and his motion to file under seal.