**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS



FOR THE NINTH CIRCUIT

MONSTER BEVERAGE
CORPORATION, a Delaware corporation
and MONSTER ENERGY COMPANY, a
Delaware corporation,

        Plaintiffs - Appellants,

  v.

DENNIS HERRERA, in his official
capacity as City Attorney of San
Francisco,

        Defendant - Appellee.

No. 13-57128

D.C. No. 5:13-cv-00786-VAP-OP

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted April 7, 2016
Pasadena, California

Before: FARRIS, SENTELLE,[**] and M. SMITH, Circuit Judges.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable David Bryan Sentelle, Senior Circuit Judge for the
U.S. Court of Appeals for the District of Columbia Circuit, sitting by designation.

Monster Beverage Corporation and Monster Energy Company (collectively, Monster) appeal the district court's judgment dismissing their suit against the City Attorney of San Francisco, Dennis Herrera, in his official capacity. Because this suit implicates a concurrent state court proceeding against Monster, we resolve this appeal under the abstention doctrine from *Younger v. Harris*, 401 U.S. 37 (1971), as well as the Anti-Injunction Act (AIA), 28 U.S.C. § 2283.

Monster filed its complaint against the City Attorney in the Central District of California on April 29, 2013, months after the City Attorney sent Monster a letter announcing that he had begun an investigation into some of Monster's energy drinks. After Monster filed its federal complaint, the People of California, by and through the City Attorney, filed a complaint against Monster Beverage Company in San Francisco Superior Court. The complaint alleged a single cause of action that Monster's energy drinks and marketing constitute unlawful, deceptive, and misleading business practices and acts under California's Unfair Competition Law. Monster, relying on preemption, subsequently removed the state court proceeding. The district court held that removal was improper because the state court claims were not completely preempted and remanded the matter to the state court on September 18, 2013.

Meanwhile, in its federal suit, Monster sought to enjoin the City Attorney from enforcing, or directing the enforcement of, the provisions of Cal. Bus. & Prof'l Code

§§ 17200 and 17500 with respect to Monster's energy drinks. Monster also sought a declaratory judgment that the City Attorney's investigation and pre-litigation demand letter were impermissible and preempted by the Food, Drug, and Cosmetic Act (FDCA), subject to the doctrine of primary jurisdiction, and violated, among other constitutional provisions, the First and Fourteenth Amendments. In granting the City Attorney's motion to dismiss, the district court ruled that the *Younger* abstention doctrine properly applied to this case. *See Younger v. Harris*, 401 U.S. 37 (1971). The district court also held that the requested relief was barred by the AIA.

We review de novo whether *Younger* abstention and the AIA apply. *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014); *California v. Randtron*, 284 F.3d 969, 974 (9th Cir. 2001). Where the AIA permits an injunction, we review for an abuse of discretion the district court's decision whether or not to grant it. *Randtron*, 284 F.3d at 974. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

**1.** *Younger* abstention requires federal courts to refrain from exercising jurisdiction and applies to only three classes of state proceedings: (1) state criminal prosecutions; (2) certain civil enforcement actions; and (3) civil proceedings in furtherance of a state court's ability to perform its judicial functions. *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013). As germane to this proceeding,

3

*Younger* abstention requires an (1) ongoing state judicial proceeding that (2) implicates important state interests and (3) provides an adequate opportunity to raise federal claims, which (4) the federal court action would enjoin. *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1148-49 (9th Cir. 2007).

The *Younger* abstention doctrine applies in this case. There was an ongoing state proceeding when the district court considered the motion to dismiss at issue. Although Monster argued otherwise, "*Younger* abstention is required . . . when state court proceedings are initiated before any proceedings of substance on the merits have taken place in the federal court." *M&A Gabaee v. Cmty. Redevelopment Agency*, 419 F.3d 1036, 1040 (9th Cir. 2005) (quoting *Haw. Hous. Auth. v. Midkiff*, 467 U.S. 229, 238 (1984)) (emphasis omitted). Moreover, for purposes of *Younger* abstention, a state proceeding is "'initiated' no later than when it is filed." *Id.* Monster argues that this Court should determine that the state proceeding became "ongoing" only as of the date of remand. We disagree. Adopting Monster's position would encourage gamesmanship. We further note that although the state court proceeding initially included only Monster Beverage Company, *Younger* abstention applies as Monster Energy's interests are "so intertwined" with those of Monster Beverage Company that direct interference with the state court proceeding was inevitable. *See Green v. City*

4

*of Tucson*, 255 F.3d 1086, 1100 (9th Cir. 2001) (en banc), *overruled on other grounds by Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004) (en banc).

Furthermore, *Younger* abstention is appropriate as the People of California have a strong interest in ensuring that a company providing consumer products is doing so in a manner consistent with the state's unfair business practices laws. *See Commc'ns Telesystems Int'l v. Cal. Pub. Util. Comm'n*, 196 F.3d 1011, 1017 (9th Cir. 1999) (noting that states have an important interest in protecting consumers from unfair and deceptive business practices); *see also Meredith v. Oregon*, 321 F.3d 807, 818 (9th Cir. 2003) (noting that protecting residents' safety is a vital state interest). Moreover, Monster's attempt to invoke express preemption and primary jurisdiction is exactly what the "adequate opportunity" requirement is intended to obviate. State court litigation generally provides adequate opportunity for a party like Monster to raise federal questions. In short, *Younger* abstention properly applies here.

**2.** The Anti-Injunction Act "prohibits the federal courts from interfering with proceedings in the state courts." *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 145 (1988). The Act provides:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283. Likewise, the Act prohibits courts from issuing declaratory judgments that interfere with state court proceedings. *See Randtron*, 284 F.3d at 975.

The proposed injunction at issue falls within the language of the Anti-Injunction Act. *See* 28 U.S.C. §2283; *see also, e.g.*, *Denny's, Inc. v. Cake*, 364 F.3d 521, 530 (4th Cir. 2004) ("[N]othing in the Act confines its bar to situations in which the federal plaintiff requests injunctive relief after the state suit has been filed." (emphasis omitted)). This injunction, along with the requested declaratory judgment, effectively would stay the proceedings in the state court action that the City Attorney brought on behalf of the People of California. Although Monster argued otherwise, the exceptions to the Anti-Injunction Act are inapplicable in this case. With respect to the district court ruling, the court based its decision to apply the Anti-Injunction Act on the grounds of "comity, equity, and federalism." *Monster Beverage Corp. v. Herrera*, No. EDCV 13–00786–VAP (Opx) (C.D. Cal. Dec. 16, 2013) (order granting motion to dismiss), slip op. at 21. Considering these principles in applying the Anti-Injunction Act was not an abuse of discretion. *Cf. Brother Records, Inc. v. Jardine*, 432 F.3d 939, 944 (9th Cir. 2005). Accordingly, we will not reverse the district court.

As a final matter, the parties both request that we take judicial notice of certain documents in the state court proceeding brought by the City Attorney on behalf of the

6

People of California. Because those documents are not required for the disposition of this case, we deny the parties' respective motions.

For the foregoing reasons, we affirm the district court.

**AFFIRMED.**