**NOT FOR PUBLICATION**

FILED

DEC 02 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| TERESA TITUS, an individual and as a representative of the class,<br><br>             Plaintiff-Appellee,<br><br>   v.<br><br>BLUECHIP FINANCIAL,<br><br>             Defendant-Appellant. | No.   18-35940<br><br>D.C. No. 3:18-cv-05373-RJB<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Argued and Submission Deferred October 25, 2019
Resubmitted November 27, 2019
Seattle, Washington

Before:  CLIFTON, IKUTA, and BENNETT, Circuit Judges.

Teresa Titus moves to dismiss BlueChip Financial's appeal of the district court's order denying its motion to compel arbitration.  We grant Titus's motion to dismiss the appeal as moot.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Because Titus voluntarily dismissed her claims against BlueChip with prejudice before BlueChip served either an answer or a motion for summary judgment, *see* Fed. R. Civ. P. 41(a)(1)(A)(i), the case is no longer proceeding, and "deciding [this appeal] would have no effect within the confines of the case itself." *Tur v. YouTube, Inc.*, 562 F.3d 1212, 1214 (9th Cir. 2009). Therefore, this appeal is moot. *See Chafin v. Chafin*, 568 U.S. 165, 172 (2013).

BlueChip's arguments to the contrary lack merit. BlueChip's contentions that Titus acted improperly by failing to inform the district court that similar class actions were pending against BlueChip and failing to inform the district court and this Court of the terms of Titus's settlement agreement with other defendants do not change the fact that this action is no longer proceeding. Nor has BlueChip cited any authority for the proposition that it was improper for Titus to dismiss her action without explanation after the district court issued a stay order, and we have found none. Finally, because BlueChip failed to assert its counterclaims in an answer (which would have barred Titus's voluntary dismissal under Rule 41(a)(1)(A)(i)), BlueChip's assertions that it could have raised counterclaims against Titus are unavailing.

We also reject BlueChip's argument that there remains a live controversy between the parties. It is irrelevant that Titus's counsel have filed putative class

actions against BlueChip in other cases with other plaintiffs, because we may not look beyond "the confines of the case itself" in assessing mootness. *Tur*, 562 F.3d at 1214. Therefore, even if BlueChip is correct that Titus's attorneys engaged in "strategic voluntary cessation," such conduct does not affect our mootness analysis. BlueChip has not identified any cognizable collateral consequences arising within the "confines" of this case. *Id*. Nor does the case's status as a putative class action affect our analysis. Because no class has been certified, Titus is the only plaintiff before the court; once she has dismissed her claims with prejudice, no other plaintiff can step into her shoes to continue this legal action. *See Emp'rs-Teamsters Local Nos. 175 & 505 Pension Tr. Fund v. Anchor Capital Advisors*, 498 F.3d 920, 924 (9th Cir. 2007).

This case is also not "capable of repetition, yet evading review" in the relevant sense. *See Alcoa v. Bonneville Power Admin.*, 698 F.3d 774, 786 (9th Cir. 2012). Titus's lawsuit against BlueChip does not involve "inherently fleeting" activity that precludes judicial review, and there is no "reasonable expectation that the same complaining party [will] be subjected to the same action again." *Id*. at 786 (quoting *Turner v. Rogers*, 564 U.S. 431, 440 (2011)) (alteration in original).

Because Titus's unilateral action caused this case to become moot, we vacate the district court's order denying the motion to compel arbitration. *See U.S.*

3

*Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 23 (1994). This vacatur mitigates the "ongoing injury" and "collateral consequences," if any, that BlueChip may suffer as a result of the order. *See City of Erie v. Pap's A.M.*, 529 U.S. 277, 288 (2000); *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 791–92 (9th Cir. 2018). We also dismiss the appeal as moot. Although we decline to designate future appeals regarding the enforceability of BlueChip's arbitration provision as comeback cases, *see* Ninth Cir. General Orders 1.12, 3.6(d), our decision is without prejudice to any future motion to assign an appeal raising the same legal issues to this panel, *see* Circuit Advisory Committee Note to Rules 34-1 to 34-3.

**VACATED AND DISMISSED.**[1]

---

[1] Each party shall bear its own costs.