**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| UM CORPORATION, a Japanese corporation, | Nos. 18-55604 18-56133 |
| Plaintiff-counter-defendant-Appellant, | D.C. No. 2:15-cv-03764-AB-AJW |
| v. | |
| TSUBURAYA PRODUCTIONS CO., LTD., a Japanese corporation, | MEMORANDUM* |
| Defendant-counter-claimant-Appellee, | |
| GOLDEN MEDIA GROUP, INC., a California corporation; TIGA ENTERTAINMENT COMPANY, LTD., a Hong Kong corporation, | |
| Counter-defendants-Appellants. | |

Appeal from the United States District Court
for the Central District of California
André Birotte Jr., District Judge, Presiding

Argued and Submitted November 14, 2019
Pasadena, California

Before: BERZON and M. SMITH,** Circuit Judges, and DONATO,*** District

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Judge.

In this consolidated appeal, plaintiff and counterdefendant UM Corporation ("UMC") appeals from the district court's orders: 1) excluding certain evidence from trial; 2) granting partial summary judgment to defendant and counterclaimant Tsuburaya Productions Co., Ltd. ("TPC"); and 3) awarding TPC attorney's fees and costs. Co-counterdefendants, Golden Media Group, Inc. ("GMG") and TIGA Entertainment Company, Ltd. ("TIGA"), also appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm on the merits. We affirm in part the award of attorney's fees. The portion of the district court's award for non-taxable costs is vacated as required by the intervening and controlling decision in *Rimini Street, Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873 (2019).

We assume the parties' familiarity with the record. We review a district court's evidentiary rulings for "abuse of discretion and reverse if the exercise of discretion is both erroneous and prejudicial." *Wagner v. Cty. of Maricopa*, 747 F.3d 1048, 1052 (9th Cir. 2013).

---

** Judge Graber was originally a member of the panel, but recused after oral argument. Judge M. Smith was drawn to replace her. He has read the briefs, reviewed the record, and listened to the audio recording of oral argument.

*** The Honorable James Donato, United States District Judge for the Northern District of California, sitting by designation.

The district court did not err in any of the evidentiary exclusions challenged by UMC. The district court properly concluded that the foreign judgments did not constitute evidence of a character for truthfulness under Federal Rule of Evidence 608(a). For the former foreign testimony proffered by UMC, the district court properly balanced the probative value of the evidence against the potential for unfair prejudice to the defendant and confusion for the jury under Federal Rule of Evidence 403. Rule 403 determinations are "susceptible only to case-by-case determinations, requiring examination of the surrounding facts, circumstances, and issues." *United States v. Hinkson*, 585 F.3d 1247, 1267 (9th Cir. 2009) (en banc) (citation omitted). UMC has not demonstrated any error in the district court's treatment of the proffers under Rule 403, or that the exclusions "more likely than not affected the verdict." *Id*. at 1282 (Fletcher, J., dissenting) (citation omitted).

The district court also properly declined UMC's request for access to TPC's attorney work product materials. UMC did not demonstrate a "substantial need" for the work product. Fed. R. Civ. P. 26(b)(3)(A)(ii). "The conditional protections afforded by the work-product rule prevent exploitation of a party's efforts in preparing for litigation." *Admiral Ins. Co. v. U.S. Dist. Court*, 881 F.2d 1486, 1494 (9th Cir. 1989). Only "when a party makes a substantial showing that he is unable through his efforts to obtain needed information, [does] the balance of equities shift[] in favor of disclosure of trial preparation materials." *Id*. UMC

3                                                                        18-55604

deposed the witness who was the subject of the work product issue during discovery, and cross-examined him at trial. It has not shown that it had a substantial need to invade attorney work product despite its direct access to the witness.

None of the evidentiary decisions provide a reason to disturb the jury verdict against UMC on the authenticity of the 1976 agreement. As that verdict held the purported agreement void, UMC's objections to the district court's partial summary judgment order concerning the reach of the purported agreement, which preceded the verdict, are moot. *See Tur v. YouTube, Inc.*, 562 F.3d 1212, 1214 (9th Cir. 2009).

UMC also appeals the district court's separate order awarding TPC attorney's fees of $3,938,227.22 and "full non-taxable costs of $567,118.13" under the Copyright Act, 17 U.S.C. § 505. Under *Rimini Street*, 139 S. Ct. 873, which was decided while this appeal was pending, the award of non-taxable costs is not permitted under the Copyright Act. The Supreme Court held that "§ 505's authorization for the award of 'full costs' . . . covers only the six categories specified in the general costs statute, codified at §§ 1821 and 1920." 139 S. Ct. at 876. Consequently, the award of $567,118.13 in non-taxable costs is vacated.

The attorney's fees order is otherwise affirmed. We review an order for attorney's fees under the Copyright Act for an abuse of discretion, and "[r]eversal

for abuse of discretion is not appropriate unless this court has a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Smith v. Jackson*, 84 F.3d 1213, 1221 (9th Cir. 1996) (citation omitted); *see also Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 556 (9th Cir. 1996) ("A district court's fee award does not constitute an abuse of discretion unless it is based on an inaccurate view of the law or a clearly erroneous finding of fact." (citation omitted)).

The district court properly analyzed the relevant factors for a fee award under the Copyright Act. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994); *Historical Research v. Cabral*, 80 F.3d 377, 379 n.1 (9th Cir. 1996). Its findings were well-supported and not clearly erroneous, and the district court did not overstep its "wide latitude [under § 505] to award attorney's fees based on the totality of circumstances in [the] case." *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985 (2016).

UMC's objections to the district court's treatment of the frivolousness and objective unreasonableness factors under *Fogerty* are not well taken. To start, UMC in effect seeks a de novo review of a moot summary judgment order in the context of a fee award subject to an abuse of discretion standard. This approach would lead us to "establish the circuit law in a most peculiar, secondhanded

fashion," as well as waste judicial resources. *Pierce v. Underwood*, 487 U.S. 552, 560-61 (1988).

In addition, the district court's rulings on summary judgment were not so obviously wrong that they cannot support the fee award. On summary judgment, there was no dispute that all previous courts to opine on the issue -- Japanese, Chinese, and Thai -- had held that the 1976 agreement did not contain any transfer of rights to create new or derivative Ultraman works. The district court also undertook its own independent interpretation of the contract under Japanese law and reached the same conclusion. In doing so, the court noted that the contested one-page document expressly lists the titles of nine Ultraman works and states that the "scope of license" includes "Distributing Right," "Production Right," and "Reproduction Right." So nothing in its plain language suggests any claim to new or derivative works. We consequently cannot say that the district court's measured conclusions regarding the frivolousness and objective reasonableness factors in its fee award analysis were a "clear error of judgment." *Smith*, 84 F.3d at 1221.

The district court's award of attorney's fees for the time period subsequent to summary judgment was also proper. Although 17 U.S.C. § 412(2) barred any fees to TPC for its copyright infringement counterclaim because of the delay between publication and registration, that was not the only claim in the case after summary judgment. Both parties' claims for declaratory judgment on their rights

under the 1976 agreement proceeded to trial. Fees were properly awardable for these causes of action under the Copyright Act. *See Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1230 (9th Cir. 1997); *Twentieth Century Fox Film Corp. v. Entm't Distrib.*, 429 F.3d 869, 884 (9th Cir. 2005), *abrogated on other grounds by Rimini Street*, 139 S. Ct. 873. The district court deducted from its order $168,832.40 in fees for time spent only on TPC's infringement counterclaim, and UMC does not argue that this amount was calculated incorrectly.

GMG and TIGA's arguments about the fee award are also denied. Fees were awardable against those parties because they were counterdefendants to TPC's declaratory judgment counterclaim. The district court in its fee order "weighed many of the relevant considerations and does not appear to have committed a clear error of judgment" as to GMG and TIGA. *Smith*, 84 F.3d at 1221. However, because GMG and TIGA were ordered responsible for only 1% of the total award, and because the district court's award of non-taxable costs is vacated, TIGA and GMG are liable for 1% of the $3,938,227.22 attorney's fees award, making their new share $39,382.

**AFFIRMED IN PART**. Only the portion of the district court's fee order awarding non-taxable costs is **VACATED**.