NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SEASONS 4 INC.,**
*Plaintiff-Appellee*

**v.**

**SPECIAL HAPPY, LTD.,**
*Defendant-Appellant*

---

2024-2013

---

Appeal from the United States District Court for the Central District of California in No. 2:23-cv-09649-AB-MAA, Judge Andre Birotte, Jr.

---

**ON MOTION**

---

Before LOURIE, CUNNINGHAM, and STARK, *Circuit Judges.*

PER CURIAM.

## O R D E R

Special Happy, Ltd. moves for a stay pursuant to Rule 8 of the Federal Rules of Appellate Procedure. Seasons 4 Inc. opposes and moves to dismiss the appeal. Special Happy opposes the motion to dismiss.

Seasons 4 filed a complaint at the United States District Court for the Central District of California alleging patent infringement by Special Happy, a Chinese company. On April 17, 2024, the district court granted Seasons 4's motion for leave under Federal Rule of Civil Procedure 4(f)(3) to serve process via email. Special Happy filed a notice of appeal from that order and moved this court to stay the district court proceedings pending appeal. Seasons 4 thereafter filed a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i)[1] at the district court and moved to dismiss Special Happy's appeal.

"On appeal . . . a case becomes moot 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *ABS Glob., Inc. v. Cytonome/ST, LLC*, 984 F.3d 1017, 1020 (Fed. Cir. 2021) (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)). A voluntary dismissal without prejudice under Rule 41(a) is generally "self-executing," *Garber v. Chi. Mercantile Exch.*, 570 F.3d 1361, 1363 (Fed. Cir. 2009), generally has the effect of placing the parties in the same place as had the suit never been filed, *see Navellier v. Sletten*, 262 F.3d 923, 938 (9th Cir. 2001), and can moot a pending appeal, *see, e.g., Carnahan v. Maloney*, 143 S. Ct. 2653 (2023); *Tur v. YouTube, Inc.*, 562 F.3d 1212, 1214 (9th Cir. 2009).

Resisting dismissal, Special Happy notes that after the filing of the notice of voluntary dismissal, Seasons 4 removed a state court action brought by Special Happy to federal court without complying with the Hague Service Convention. Those subsequent proceedings, Special Happy argues, demonstrate that Seasons 4's failure to comply with the treaty is likely to reoccur, and it contends that

---

[1] Rule 41(a)(1)(A)(i) provides that a "plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."

Seasons 4's voluntary actions here should not deprive it of the ability to challenge the district court's order.

We do not find Special Happy's argument persuasive. As the Court of Appeals for the Ninth Circuit has noted, "an issue is moot[,] even if resolving it would prevent an identical or similar case from being re-filed in the same jurisdiction[,]" when "deciding it would have no effect within the confines of the case itself." *Tur*, 562 F.3d at 1214. Here, in light of the notice of dismissal, we are unable to grant Special Happy any effective relief in this case.[2]

The Supreme Court, relying on *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950), has explained that its "ordinary practice in disposing of a case that has become moot on appeal is to vacate the judgment with directions to dismiss." *N. Y. State Rifle & Pistol Ass'n v. City of New York*, 590 U.S. 336, 337 (2020) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 482 (1990)). Here, we deem it appropriate to vacate the order, given mootness is not attributable to Special Happy's actions.

Accordingly,

IT IS ORDERED THAT:

(1) The motion to dismiss is granted to the extent that this appeal is dismissed as moot, and the district court's April 17, 2024 order is vacated.

---

[2] Although the Supreme Court has recognized that "a defendant cannot automatically moot a case simply by ending its unlawful conduct once sued," because "a defendant could [otherwise] engage in unlawful conduct, stop when sued to have the case declared moot, then pick up where [it] left off, repeating this cycle until [it] achieves all [its] unlawful ends," *Already*, 568 U.S. at 91 (cleaned up), such situation is clearly not presented in this case.

4                          SEASONS 4 INC. v. SPECIAL HAPPY, LTD.

    (2)  All other motions are denied.

    (3)  Each side shall bear its own costs.

FOR THE COURT

<u>August 30, 2024</u>
Date

Jarrett B. Perlow
Clerk of Court